## Appeal of THE MUNISING MOTOR CO.   ·   Docket No. 430.

The taxpayer is not entitled to deduct depreciation on used cars that constituted a part of its stock in trade.

The taxpayer's invested capital is the cost to the predecessor partnership of the assets transferred by it to the corporation less the liabilities.

Unless it proves a higher actual cash value a corporate taxpayer taking over the property and business of a predecessor partnership must use the closing inventory of the partnership in computing the cost of merchandise sold during the first taxable year of its operations.

The taxpayer is entitled to deduct an amount of $545.10, represented by debts ascertained to be worthless and charged off during the year for which the return is made.

Submitted December 11, 1924; decided January 13, 1925.

*James M. Sheridan, Esq.*, for the taxpayer.

*Laurence Graves, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before LANSDON, LITTLETON, and SMITH.

The only evidence presented in this appeal was the income tax return of the taxpayer for the year ended December 31, 1920, and the letter of the Commissioner, dated August 23, 1924, notifying the taxpayer of a deficiency in tax for the year 1920. The Commissioner's letter was accompanied by statements to support his determination. The taxpayer's return and the Commissioner's letter and accompanying statements were admitted in evidence as joint exhibits by the taxpayer and the Commissioner. From the exhibits the Board makes the following

### FINDINGS OF FACT.

(1) The deficiency letter mailed by the Commissioner to the Munising Motor Co., the taxpayer, on August 23, 1924, asserted a deficiency in the income and profits taxes of the taxpayer for the year ended December 31, 1920, of $3,063.27. This appeal was taken by the filing of a petition in the form prescribed by this Board on October 21, 1924.

(2) The taxpayer was incorporated under the laws of the State of Michigan on December 8, 1919, and began business operations on January 1, 1920, as the successor of a copartnership of the same name by taking over all the assets and assuming all the liabilities of its predecessor. The stockholders of the corporation had previously owned more than 50 per cent of the property and business of the partnership. The taxpayer is engaged in the business of selling new and used automobiles, automobile tires, and accessories, and in conducting a garage and shop for the repair of automobiles and other machines. It is the custom of the taxpayer to take in used automobiles for resale as part payment for new cars.

(3) The balance sheets of the copartnership as of December 31, 1919, and of the corporation as of January 1, 1920, were, respectively, as follows:

| | Copartner-ship. | Corpora-tion. |
|---|---|---|
| ASSETS. | | |
| Cash | $598.00 | $598.00 |
| Trade accounts | 9,148.40 | 8,783.90 |
| Inventories | 24,409.05 | 31,164.64 |
| Liberty bonds | 186.41 | 186.41 |
| War-savings stamps | 111.17 | 111.17 |
| Land | 1,201.31 | 2,000.00 |
| Buildings | 11,996.36 | 22,000.00 |
| Machinery and tools | 6,077.16 | 8,000.00 |
| Office equipment | 1,503.85 | 2,500.00 |
| Good will | ---------- | 15,000.00 |
| | 55,231.71 | 90,344.12 |
| LIABILITIES. | | |
| Notes payable | 15,050.00 | 15,050.00 |
| Accounts payable | 4,294.12 | 4,294.12 |
| Bonds | 11,000.00 | 11,000.00 |
| Capital | 20,000.00 | 60,000.00 |
| Surplus | 4,887.59 | ---------- |
| | 55,231.71 | 90,344.12 |

(4) The taxpayer issued stock of the par value of $60,000 in exchange for the property of the predecessor copartnership, presumably on January 1, 1920, and on April 7, 1920, it issued additional shares of stock of the par value of $11,000, which it exchanged for the bonds of the predecessor partnership payment for which it assumed liability on January 1, 1920, which had a par value of $11,000.

(5) The balance sheet of the taxpayer as of December 31, 1920, was as follows:

| ASSETS. | | LIABILITIES. | |
|---|---|---|---|
| Cash | $250.69 | Notes payable | $13,250.00 |
| Trade accounts | 10,899.07 | Trade accounts | 3,263.14 |
| Accounts receivable | 309.65 | W. A. Doty, president | 6,862.34 |
| Inventories of stock | 39,246.77 | Capital | 71,000.00 |
| Land | 3,091.88 | Surplus | 7,204.99 |
| Buildings | 22,000.00 | | |
| Machinery and tools | 8,195.35 | | |
| Office equipment | 2,587.06 | | |
| Good will | 15,000.00 | | |
| | 101,580.47 | | 101,580.47 |

(6) In its income-tax return for the year ended December 31, 1920, the taxpayer used the inventory figures of the corporation balance sheet as of January 1, 1920, in computing the cost of merchandise sold during the year. In the same return the taxpayer deducted from the gross income the amount of $5,176.79 as depreciation on buildings, shop equipment, and on used cars which were a part of its stock in trade.

(7) The Commissioner, after audit of the taxpayer's income-tax return, disallowed the depreciation taken on the used cars and increased the amount of depreciation on other items, thereby reducing

the taxpayer's claim for depreciation in the amount of $1,551.21; held that the inventory item of $24,409.05 in the balance sheet of the predecessor partnership as of December 31, 1919, should have been used in computing the cost of merchandise sold by the taxpayer during the year ended December 31, 1920; and held that the invested capital of the taxpayer for the year 1920 was $32,972.29, and not $53,106.84, as set forth in the income tax returns of the taxpayer for the year ended December 31, 1920.

(8) By disallowing the depreciation claimed by the taxpayer on used cars and by other adjustments of depreciation claimed; by requiring the inventory of the predecessor partnership as of December 31, 1919, instead of the inventory of the corporation as of January 1, 1920, to be used in the computation of the cost of merchandise sold by the taxpayer during the year in question; by a readjustment of the invested capital of the taxpayer for the year ended December 31, 1920, from $53,106.84 to $32,972.29; and, by disallowing a deduction made by the taxpayer of $545.10 for bad debts, the Commissioner found that the taxpayer's taxable income for the year ended December 31, 1920, was $16,056.89, and not $7,204.99, as reported by the taxpayer, and that the total tax assessable against the taxpayer for the year in question was $3,755.92, and not $692.66, as reported by the taxpayer, and that, therefore, a deficiency of $3,063.27 resulted.

(9) Counsel for the Commissioner admitted at the hearing that he had overstated the taxpayer's income for the year in question in the amount of $545.10, claimed by the taxpayer as a deduction for bad debts.

### DECISION.

The determination of the Commissioner is approved in part and disapproved in part. The amount of the deficiency to be assessed will be computed in accordance with the following opinion, and settled by the Board on consent or on seven days' notice in accordance with Rule 50.

### OPINION.

LANSDON: Four questions are presented in this appeal: (1) Whether the Commissioner erred in disallowing depreciation on used cars that were a part of the taxpayer's stock in trade during the year in question; (2) whether the adjustment of invested capital of the taxpayer made by the Commissioner is in accordance with the facts and the law; (3) whether the Commissioner's decision as to the cost of merchandise sold by the taxpayer during the year ended December 31, 1920, was correct, and (4) whether the taxpayer was entitled to deduct $545.10 for bad debts charged off during the year.

The Commissioner was right in disallowing depreciation on used cars owned by the taxpayer as a part of its stock in trade and not used in the operation of its business. Decreases in value of merchandise are reflected in the taxpayer's closing inventory in which all articles of merchandise must be included either at their cost or at cost or market value, whichever is the lower.

The Commissioner correctly adjusted the taxpayer's invested capital for the year ended December 31, 1920, since he applied the con-

trolling provisions of the statute, section 331 of the Revenue Act of 1918, to the facts so set forth in the income-tax return of the taxpayer for the year in question, which is as follows:

In the case of the reorganization, consolidation, or change of ownership of a trade or business, or change of ownership of property, after March 3, 1917, if an interest of control in such trade or business or property of 50 per centum or more remains in the same persons, or any of them, then no asset transferred or received from the previous owner shall, for the purpose of determining invested capital, be allowed a greater value than would have been allowed under this title in computing the invested capital of such previous owner if such asset had not been so transferred or received: *Provided*, That if such previous owner was not a corporation, then the value of any asset so transferred or received shall be taken at its cost of acquisition (at the date when acquired by such previous owner) with proper allowance for depreciation, impairment, betterment or development, but no addition to the original cost shall be made for any charge or expenditure deducted as expense or otherwise on or after March 1, 1913, in computing the net income of such previous owner for purposes of taxation.

The third point involved in this appeal is whether the Commissioner erred in denying the taxpayer the right to use its own opening inventory as of January 1, 1920, in computing the cost of merchandise sold by it during the year ended December 31, 1920. In taking its closing inventory on December 31, 1919, the partnership, following good accounting practice and in conformity with the law and the regulations of the Commissioner, listed all merchandise then in stock at cost or market price whichever was lower. The taxpayer contends that the actual cash value of the merchandise which it purchased from the partnership on January 1, 1920, was $31,164.64, based on the market prices for that day, and that, therefore, it had the right to enter that amount as the total of is merchandise inventory as of that date on its books of account, and to use the amount so determined and entered in computing the total cost of all merchandise sold by it during the year in question.

The Board is of the opinion that the taxpayer had the legal right to use the actual proved cash value of the merchandise purchased by it from its predecessor as a proper inventory entry in its accounting and in computing the cost of merchandise sold by it in the business operations of its first taxable year. The Commissioner was wrong in his denial of this right on the authority of section 331 of the Revenue Act of 1918, which merely lays down the rule for the ascertainment of invested capital, but does not deal with the question of the value that a corporation may put on the merchandise that it purchases from a predecessor partnership whether the value fixed is actual cost to the partnership or otherwise.

In the case at bar the only evidence the taxpayer offered to prove its contention that merchandise purchased from its predecessor had the actual cash value claimed is its own income-tax return for the year ended December 31, 1920. Among other statements and schedules this return includes: (1) The balance sheet of the partnership as of December 31, 1919; (2) the balance sheet of the taxpayer as of January 1, 1920; (3) the balance sheet of the taxpayer as of December 31, 1920, and (4) a statement by the president of the taxpayer asserting that the actual cash values of all the property purchased from the partnership on January 1, 1920, were used in making up the balance sheet of the taxpayer as of that date. The Board has

considered the meager evidence offered by the appellant, and holds that it is insufficient to prove the actual cash value of the merchandise purchased from the partnership on January 1, 1920. In the absence of proof of any other value the Commissioner, who had the same evidence before him that was offered in the hearing before the Board, was right in requiring the taxpayer to use the closing inventory of the partnership in computing the cost of merchandise sold by it during the year ended December 31, 1920.

The Commissioner admits error in disallowing the amount of $545.10, deducted from income by the taxpayer as bad debts ascertained to be worthless and charged off during the year for which the return was made.